UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR CMLIT 2007-AR8,

    Plaintiff,

    v.

PEDRO ARGUETA, et al.,

    Defendants.
_____/

No. C 11-5465 PJH

**ORDER GRANTING MOTION TO REMAND**

    Juan Perez ("Perez"), claiming to be the defendant in the above-entitled action, removed the action from the Superior Court of California, County of Contra Costa, on November 9, 2011, alleging both federal question jurisdiction and diversity jurisdiction. On December 9, 2011, plaintiff U.S. Bank National Association, as Trustee for CMLIT 2007 AR8 ("U.S. Bank") filed a motion to remand.

    This is an unlawful detainer action brought by U.S. Bank against defendants Pedro Argueta and Lorena Argueta ("the Arguetas"), following a July 28, 2010 non-judicial foreclosure sale of residential property ("the property") previously owned by the Arguetas. U.S. Bank filed the unlawful detainer complaint in Contra Costa Superior Court on December 6, 2010, and served the Arguetas with the summons and complaint on December 10, 2010. U.S. Bank seeks to recover possession of the property, and also seeks holdover damages from November 21, 2010.

    The Arguetas did not respond to the complaint, but Perez filed a "Prejudgment Claim" on December 15, 2010, in which he asserted a tenancy interest in the property. On January 6, 2011, Perez filed an answer, and on February 7, 2011, he removed the case to

1  this court as case No. C-11-0571.  On May 24, 2011, U.S. Bank filed a motion to remand
2  for lack of subject matter jurisdiction, and on July 26, 2011, the court granted the motion.
3  The case was subsequently remanded to the Contra Costa Superior Court.

4  As indicated above, Perez again removed the case to this court on November 9,
5  2011, and U.S. Bank again filed a motion to remand.  The court finds that the motion must
6  be GRANTED, for the reasons stated in the court's prior order.  No federal question
7  appears on the face of the complaint.  Thus, there is no federal question jurisdiction.  <u>See</u>
8  <u>Toumajian v. Frailey</u>, 135 F.3d 648, 853 n.2 (9th Cir. 1998).

9  In addition, while it appears that Perez and U.S. Bank may be citizens of different
10 states, the complaint seeks a money judgment of $50.00 per day, and specifies that the
11 demand is "under $10,000."  Thus, the amount-in-controversy requirement is not met.  <u>See</u>
12 28 U.S.C. § 1332(a).  Moreover, removal through diversity jurisdiction is not available to
13 defendants that are citizens of the state in which the state action was brought.  28 U.S.C.
14 § 1441(b)(2).  Thus, to the extent that Perez even has a right to remove a case in which he
15 is not named as a defendant, he states in the notice of removal that he resides in
16 California.  Thus, he is not eligible to remove a case on grounds of diversity jurisdiction.

17 Accordingly, U.S. Bank's motion is GRANTED, and the case is hereby REMANDED
18 to the Contra Costa Superior Court.  U.S. Bank's request for attorney's fees and costs is
19 DENIED.

20 The clerk is hereby instructed that no further notices of removal shall be accepted
21 from Juan Perez without approval of a district judge of this court.

23 **IT IS SO ORDERED.**
24 Dated: December 14, 2011

PHYLLIS J. HAMILTON
United States District Judge

2